B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| A. Cotten Wright, Trustee for Catherine Deann Simpson B. and Jerry Scott Simpson | Commercial Credit Group Inc. |

| ATTORNEYS (Firm Name, Address, and Telephone No.) Grier Wright Martinez, PA 521 E. Morehead St., Ste. 440 Charlotte, NC 28202 704/375.3720 | ATTORNEYS (If Known) |
|---|---|

| PARTY (Check One Box Only) ☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor   ☐ Other ☒ Trustee | PARTY (Check One Box Only) ☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin ☒ Creditor   ☐ Other ☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Avoid Preferential Transfer 11 U.S.C. § 547

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☒ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||
|---|---|---|
| NAME OF DEBTOR<br>Catherine Deann Simpson | BANKRUPTCY CASE NO.<br>20-30744 ||
| DISTRICT IN WHICH CASE IS PENDING<br>Western | DIVISION OFFICE<br>Charlotte | NAME OF JUDGE<br>Whitley |
| RELATED ADVERSARY PROCEEDING (IF ANY) |||
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) |||
| DATE<br>11/05/2020 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Anna S. Gorman ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet. CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| **In re:** <br><br> **CATHERINE DEANN SIMPSON[1],** <br><br> Debtor. | **Chapter 7** <br><br> **Case No. 20-30744** |
| **A. COTTEN WRIGHT, Trustee,** <br><br> **Plaintiff,** <br><br> v. <br><br> **COMMERCIAL CREDIT GROUP INC.,** <br><br> **Defendant.** | **Adversary Proceeding No. 20-\_\_\_\_** |

## COMPLAINT TO AVOID PREFERENTIAL TRANSFER

A. Cotten Wright ("Plaintiff"), chapter 7 trustee for Catherine Deann Simpson ("C. Simpson") and Jerry Scott Simpson ("J. Simpson" and, with C. Simpson, the "Debtors"), by and through counsel, hereby brings this Complaint to Avoid Preferential Transfer (this "Complaint") against Commercial Credit Group, Inc. ("CCG" or "Defendant"), and respectfully alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1.   On August 12, 2020, C. Simpson filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, initiating Case No. 20-30744 in this Court, and on September 28, 2020, J. Simpson filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code initiating Case No. 20-30865 in this Court. On October 29, 2020, the court entered an *Order*

---

[1] This case is being administered jointly with *In re Jerry Scott Simpson*, case number 20-30865 per *Order Allowing Joint Administration of Related Chapter 7 Cases* (Doc. No. 19).

*Allowing Joint Administration of Related Chapter 7 Cases* (Doc. No. 19). Case No. 20-30744 is the lead case (the "Bankruptcy Case").

2. Plaintiff is the duly-appointed chapter 7 trustee in the Bankruptcy Case.

3. Upon information and belief, Defendant is a corporation incorporated under the laws of the State of Delaware with its principal office and place of business in Charlotte, North Carolina.

4. Upon information and belief, Cogency Global, Inc., 212 South Tryon St., Suite 1000, Charlotte, North Carolina 28281 is the Registered Agent of Defendant.

5. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (F) and (K). Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1409 in that the instant adversary proceeding arises under and is related to a case under title 11.

6. This is an adversary proceeding to avoid a transfer of property of the bankruptcy estate pursuant to Section 547 of the Bankruptcy Code. This complaint is brought pursuant to Rule 7001(1) and (2) of the Federal Rules of Bankruptcy Procedure.

### FACTUAL ALLEGATIONS

7. Debtors are an individual consumer debtors.

8. C. Simpson filed her Chapter 7 case on August 12, 2020 ("Petition Date").

9. J. Simpson filed his Chapter 7 case on September 28, 2020.

10. As of the Petition Date, the Debtors owned real property with an address of 7418 Secrest Short Cut Road, Indian Trail, Union County, North Carolina 28079 (the "Real Property").

11. The Debtors valued the Real Property at $400,000 in their bankruptcy schedules.

The current tax value of the Real Property is $330,600.

12. The Plaintiff, as chapter 7 bankruptcy trustee, is in the process of liquidating the Real Property. *Trustee's for Authority to Sell Property of the Estate Free and Clear of Liens* (Doc. No. 22) was filed on November 2, 2020 (the "Sale Motion") proposing a contract sales price of $375,000; a closing is tentatively scheduled for November 30, 2020 (the "Sale").

13. Pursuant to the Sale Motion, the judgment lien of Defendant should transfer to the proceeds of a Sale which will be held by the Plaintiff.

14. Prior to July 1, 2020, Defendant filed a lawsuit against CGL Grading, LLC (a defunct business operated by J. Simpson) and the Debtors, jointly and severally, in Mecklenburg County Superior Court Case No. 19-CVS-22097 (the "State Court Action") seeking to collect a debt based upon a promissory note and personal guarantees (the "CCG Debt"). On July 1, 2020, CCG was awarded a judgment against CGL and the Debtors, jointly and severally, in the amount of $521,445.82, plus attorneys' fees of $72,356.59 and interest, a true copy of the judgment is attached hereto as "Exhibit A" (the "CCG Judgment"). The Mecklenburg County judgment was transcribed to Union County on July 9, 2020.

15. The Bankruptcy Cases were filed within ninety (90) days of entry of the CCG Judgment.

16. During the ninety (90) days immediately preceding the Petition Date, the Judgment attached to the Real Property.

17. The Judgment constitutes a fully secured lien on the Real Property, which, upon entry of an order on the Sale Motion will transfer to proceeds of the sale of the Real Property.

### CAUSE OF ACTION
### AVOIDANCE OF TRANSFER (11 U.S.C. § 547)

18. Plaintiff realleges paragraphs 1 through 17.

3

19. Entry of the Judgment on July 1, 2020 was a transfer of an interest of property of the Debtors (the "Transfer").

20. Upon information and belief, Defendant was a creditor of the Debtors at the time of the Transfer.

21. Upon information and belief, the Transfer was made on account of antecedent debt owed by the Debtors to Defendant prior to the Transfer.

22. Upon information and belief, at the time of the Transfer, which was within ninety (90) days prior to the Petition Date, the Debtors were insolvent.

23. Upon information and belief, the Transfer allowed Defendant to retain more value than Defendant would have received: (a) if the Bankruptcy Case were a case under chapter 7 of the Bankruptcy Code; (b) if the Transfer had not been made; and (c) if Defendant was compensated for a debt owed to it to the extent provided in the Bankruptcy Code.

24. The Transfer is avoidable as a preferential transfer under Section 547 of the Bankruptcy Code.

**WHEREFORE**, Plaintiff respectfully prays that this Court enter an Order avoiding and setting aside the Transfer and determining that the Judgment does not constitute a lien on the Real Property or its proceeds; and granting such further relief as the Court may deem just and proper.

This is the 5th day of November, 2020.

> /s/ Anna S. Gorman
> Anna S. Gorman (State Bar No. 20987)
> Grier Wright Martinez, PA
> 521 E. Morehead St., Suite 440
> Charlotte, North Carolina 28202
> Telephone: 704.375-3720; Fax:704.332.0215
> Email: agorman@grierlaw.com
> *Attorneys to the Plaintiff*

# EXHIBIT A

| | |
|---|---|
| STATE OF NORTH CAROLINA<br><br>COUNTY OF MECKLENBURG<br><br>COMMERCIAL CREDIT GROUP INC.,<br><br>Plaintiff,<br><br>v.<br><br>CGL GRADING LLC, JERRY SCOTT SIMPSON, and CATHERINE DEANN SIMPSON,<br><br>Defendants. | IN THE GENERAL COURT OF JUSTICE<br>SUPERIOR COURT DIVISION<br>19-CVS-22097<br><br>**ORDER FOR SUMMARY JUDGMENT** |



THIS MATTER coming on to be heard and having been heard by the undersigned Superior Court Judge upon Plaintiff's Motion for Summary Judgment, it appearing to the Court as follows:

1. Ryan Ostrow, Esq. appeared for Plaintiff and _Christpr Gray Esq._ appeared for the Defendants;

2. This Court has proper jurisdiction and venue to hear this matter, and all Defendants have been properly served;

3. The Notes and Secured Guaranty, as identified in Plaintiff's Complaint, represent valid contracts for the repayment of indebtedness owed by Defendants to Plaintiff;

4. Defendants are liable to Plaintiff for the balance on the Notes;

5. The balance on the Notes as of July 1, 2020 is $521,445.82;

6. Defendants are in default under the Notes and Secured Guaranty;

7. Plaintiff is entitled to interest at the Default Rate specified in the Notes, the same being 18% per annum;

8. At the time this suit was instituted, the principal and interest owing pursuant to the Notes was $469,043.92; and

9. Plaintiff is entitled to reasonable attorney's fees in the amount of $70,356.59, representing 15% of the principal and interest owing at the time this suit was instituted, pursuant to the Notes and N.C.G.S. § 6-21.2.

NOW, THEREFORE, it appearing to the Court that Plaintiff is entitled to summary judgment, it is hereby ORDERED, ADJUDGED and DECREED that:

1. Plaintiff's Motion for Summary Judgment is GRANTED;

2. Judgment is hereby entered in favor of Plaintiff and against Defendants CGL Grading LLC, Jerry Scott Simpson, and Catherine Deann Simpson, jointly and severally, in the amount of $521,445.82 plus reasonable attorney's fees in the amount of $70,356.59, and interest thereon from July 1, 2020 until satisfied at the applicable rate of interest pursuant to the Notes, the same being 18% per annum.

This, the 1st day of July 2020.

_____
Superior Court Judge Presiding